IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| LORA CROTZER, Administrator of the Estate of Gaylon Ray Karnes,<br><br>Plaintiff,<br><br>vs.<br><br>CHS Inc. and John Does I-X,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*   No. 3:13CV00112 SWW<br>*<br>*<br>*<br>* |

**Opinion and Order**

Before the Court is a motion to strike filed by defendant CHS Inc. ( "CHS") to which plaintiff responded. The motion is denied.

This complaint, which was filed in state court and then removed, involves an accident that occurred at defendant CHS's facility in Memphis, Tennessee, and resulted in the death of Gaylon Ray Karnes. Plaintiff asserts claims of negligence and ultra-hazardous absolute liability and seeks compensatory and punitive damages.

Defendant CHS moves the Court to strike portions of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(f), which provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Specifically, CHS objects to plaintiff's allegations that CHS had total annual revenues in 2012 of $40.6 billion; plaintiff's inclusion of a brief history of President's Island, the location of CHS's facility; a description of the logistics of loading tractor-trailers at the facility; an allegation that CHS benefitted from Karnes's performance in the loading process; and that CHS did not have safety protocols in place to prevent the accident but after the accident adopted such protocols. Defendant CHS argues the

allegations about its total annual revenues and subsequent remedial measures are included for the sole purpose of prejudicing the Court and jury and have no possible relation to the controversy in this case.  It asserts the allegations relating to the location of the accident, the loading procedures at CHS's facility, and Karnes's status as an invitee are immaterial and irrelevant.

In response, plaintiff argues CHS's revenues may be relevant to the punitive damages claim; the allegations about President's Island were intended to provide context and background; and that the allegations about the loading system and Karnes status as an invitee are relevant to plaintiff's claims.  Plaintiff asserts that the allegations as to the lack of precautions at the time of the accidents are not "impertinent, immaterial, or scandalous," and the issue of subsequent remedial measures is an evidentiary matter to be determined at a later date.

Motions to strike "are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).  Matters which provide context and background should not necessarily be stricken.  *Stanbury Law Firm v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000).  The Court enjoys liberal discretion in ruling on a motion to strike.  *Id*.  The Court finds CHS fails to show the challenged allegations are redundant, immaterial, impertinent, scandalous, or prejudicial.

IT IS THEREFORE ORDERED that defendant's motion to strike [docket entry 3] is denied.

DATED this 31st day of May, 2013.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE