# IN THE UNITED STATES DISTRICT COURT-EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**LORA CROTZER as Administrator of the ESTATE OF GAYLON RAY KARNES, DECEASED,**

    **Plaintiff,**

**VS**                                     **NO.  3:13-CV-00112 SWW/JTR**

**CHS INC. and JOHN DOES I-X,**

    **Defendants.**

## AGREED PROTECTIVE ORDER

Upon consideration of the parties' request, the Court hereby enters this Agreed Protective Order:

1. Information produced by CHS, Inc. ("Defendant") informally or responsive to Plaintiff's discovery requests relating to personal and private information that Defendant has obtained and maintained in its capacity as employer of Wayne E. Nichols, corporate policy and procedures, or documents which Defendant asserts in writing at the time of delivery to contain such information, shall hereafter be referred to as "Protected Documents".  When used in the Protective Order, the word "documents" means all written material, recordings, records kept by digital, electronic, photographic or mechanical means and all other tangible items.  Except as otherwise indicated below, documents identified above and marked by Defendant as "Protected Documents" or "Confidential" or designated by Bates number as being produced subject to this Protective Order, shall be "Protected Documents" and given confidential treatment as described below.   Defendant will visibly mark all said documents as "Protected Documents" or

"Confidential" or designate the Bates numbers of the documents being produced subject to Protective Order. Defendant will not obscure or cover any information on the documents when so marking the documents with the designations identified in this paragraph.

2. Accidental production of confidential materials and Protected Documents by Defendant shall not constitute a waiver of the confidentiality. Defendant may assert the confidentiality of the document and/or thing after the inadvertently produced document is produced.

3. This Agreed Protective Order is further entered for the purpose of satisfying the requirements under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") should any of the Protected Documents be subject to HIPAA.

4. Both the "Protected Documents" and the information contained therein shall be treated by all parties as confidential. If Plaintiff or Plaintiff's counsel disagrees with Defendant's designation in relation to any specific document or documents, Plaintiff's counsel shall notify the Defendant's counsel in writing of Plaintiff's disagreement and identify any such document or documents that are the subject of disagreement. If counsel for the parties cannot agree upon the materials to be covered by the Protective Order, said matters will be presented to the Court for an *in camera* inspection. Pending the Court's determination of the protective status of any document, all documents designated as "Protected Documents" shall be considered confidential.

5. The documents subject to this Protective Order, even though protected, may be distributed, shown and disseminated to the following persons:

  a. Plaintiff, Plaintiff's counsel of record in this case, including other members of counsel's law firm and other counsel associated to assist in preparation or trial of this case, and family members of the Plaintiff who are beneficiaries of the Estate of Gaylon Karnes.

  b. Employees of Plaintiff's counsel or of associated counsel who assist in the preparation or trial of this case;

  c. Experts and consultants retained by the Plaintiff for the preparation or trial of this case;

  d. Named parties in this action and statutory beneficiaries;

  e. The Court, the Court's staff, witnesses, court reporters and the jury in this case;

  f. Mediator(s) who mediate this litigation, if any;

  g. Arbitrator(s) who arbitrate this litigation, if any.

  6. Before giving access to any of the Protected Documents or the information contained therein, each person described in paragraph 5(c) and 5(f) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and if applicable, a statement will be made on the record by defense counsel that the persons shall be bound by its terms and to submit to the jurisdiction of the Court.

  7. To the extent the Protected Documents or information contained therein are used in the taking of a deposition, such documents or information shall remain subject to the

provision of this Protective Order; however, they may be shown to witnesses being deposed in this case and the court reporter and videographer.

8. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of hearing or trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties before the beginning, during or after trial.

9. Upon execution by counsel, this Protective Order shall be binding upon the parties hereto and upon their attorneys, successors, executors, personal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or any other persons or organizations over which they have control.

10. The Parties agree that upon completion of the trial and appeals, if any, or the satisfaction of any judgment, or upon conclusion by settlement (if any), Plaintiff and her attorneys (including any associated counsel), and their consulting and designated expert witnesses shall maintain the confidentiality of the subject documents and return any hard copies at the request of defense counsel.

11. Nothing in this Order shall prevent the Plaintiff or Defendant from using the Protected Documents or the information they contain in connection with trial, any hearing, or public proceeding in this matter, or from seeking further protection or further relief from the Court. In the event the Protected Documents are used in trial or any hearing, the Protected

Documents do not lose their confidential status, and the parties will address the Court about the treatment of those Protected Documents going forward so as to preserve the confidentiality of those documents.

12.    Nothing in this Order shall be deemed a waiver of any type of privilege or other objection applicable to any type of information in this or any other action or proceeding. Nothing in this Order shall be construed to affect the evidentiary admissibility of any Protected Documents or the information contained therein.

13.    Nothing herein shall prevent the Defendant from designating additional documents as "Confidential" and/or "Protected" as discovery in this matter continues nor shall anything herein prevent Plaintiff from opposing same.

IT IS SO ORDERED this 18th day of July 2013.

/s/Susan Webber Wright
U.S. DISTRICT JUDGE